IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL TAYLOR,**

    **Plaintiff,**

v.                          No. CIV-15-0642 JAP/LAM

**ANTHONY ROBINSON and JORDAN BURD,**

    **Defendants.**

## ORDER DENYING MOTION TO EXTEND DEADLINES

**THIS MATTER** is before the Court on Plaintiff's *Opposed Motion to Extend Case Deadlines by 30 Days (Doc. 48)*, filed October 3, 2016. Pursuant to the Court's order for expedited briefing [*Doc. 49*], Defendants filed a response to the motion on October 5, 2016 [*Doc. 50*], and Plaintiff did not file a reply. Having considered the motion, response, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

In his motion, Plaintiff asks for a thirty-day extension of the discovery, discovery motions, and pre-trial motions deadlines in this case. *See* [*Doc. 48* at 5]. Plaintiff states that, at a deposition on August 16, 2016, information was disclosed that led him to seek additional information. *Id.* at 2. Plaintiff further states that, at the most recent deposition in this case on September 16, 2016,[1] he received additional information which led him to seek to conduct the deposition of Glendora Orphey, who is a supervisor at the New Mexico Department of Public Safety ("DPS"). *Id.* at 4. Plaintiff states that no trial has been set in this case, and contends that

---

[1] Plaintiff makes inconsistent statements about the date of this deposition, at times stating that it took place on September 16, 2016, and at another time stating that it took place on September 26, 2016. *Compare* [*Doc. 48* at page 3, first full paragraph, and at page 4, ¶ 8] *with id.* at page 3, second full paragraph. Defendant states that the deposition took place on September 16, 2016. *See* [*Doc. 50* at 5, ¶ 17].

"Defendants failed to produce key responsive information, including a packet of documents that another DPS employee prepared . . . in July 2015." *Id.* at 4.  Plaintiff states that he learned of this information on August 16, 2016, and that additional discovery is needed which is "relevant to the process of ascertaining whether the proper liable parties to this case have been identified." *Id.*

In response, Defendants first note that the scheduling order in this case was entered on January 22, 2016, the deadline for joinder of parties was April 21, 2016, the discovery deadline was originally July 21, 2016, and Plaintiff propounded his first discovery requests on Defendants on May 23, 2016.  [*Doc. 50* at 2].  Next, Defendants state that on June 16, 2016, Defendants informed Plaintiff that "[i]t is the responsibility of the originating agency to cancel out the warrant," that only the originating agency can cancel the warrant and that "[i]ndividual law enforcement officers have no ability to clear warrants [because] they do not have access to the system which would allow them to do so." *Id.* at 2 and Ex. C.  On July 1, 2016, Defendants responded to Plaintiff's discovery requests, with Defendant Robinson reiterating that he did not have the ability to clear the warrants from the NCIC system. *Id.* at 2-3 and Ex. D.  Defendants further state that, on July 13, 2016, they served Plaintiff with their first supplemental initial disclosures, in which they identified Ms. Orphey[2] as an individual with discoverable information. *Id.* at 3, and Ex. E at 2. Defendants state that, on August 18, 2016, Ms. Orphey first learned of the existence of relevant documentation when she received documentation regarding the traffic stop at issue in this case from Mr. Esquibel, and that this information was then provided to the defense counsel and immediately provided to Plaintiff's counsel. *Id.* at 3-4.  Defendants explain that Mr. Esquibel stated that he had provided the documentation to his supervisor on July 30, 2015, but Defendants note that this supervisor was Kimberly Clark, not Ms. Orphey, and that Ms. Clark

---

[2] Defendants alternate spelling Ms. Orphey's name as both "Orphy" and "Orphey." *See, e.g.,* [*Doc. 50* at 3, ¶¶ 11 and 13].  The Court will spell her name "Orphey" as is stated in her affidavit at [*Doc. 50-6*, Exhibit F].

2

subsequently left her employment with DPS and moved out of state. *Id.* at 4. Defendants note that the Court granted two unopposed motions to extend the discovery and other deadlines in this case, and that the current discovery deadline is September 20, 2016. *Id.* at 3 and 5. Defendants state that, prior to the September 20, 2016 discovery deadline, they twice inquired of Plaintiff's counsel about setting the deposition for Ms. Orphey, but Plaintiff's counsel did not provide dates for her deposition, and then, on September 30, 2016, asked Defendants' counsel to concur with yet another extension of the deadlines. *Id.* at 5. Defendants note that this case is set for trial on February 6, 2017, and contend that any further extension of the deadlines will prejudice them because further discovery is not necessary to determine the liability of the two Defendants in this case (because these individual officers had no ability to clear Plaintiff's warrant from NCIC) and the Court will need sufficient time to rule on Defendants' dispositive motions prior to the trial date. *Id.* at 6-7.

The Court finds that Plaintiff's motion should be denied. First, Plaintiff is incorrect in stating that there is not a trial set in this case, since the Court, on February 10, 2016, set a trial in this case for February 6, 2017, with a pretrial conference set for December 8, 2016 and a call of the calendar for January 26, 2017. [*Doc. 27*]. Second, Plaintiff also fails to state with any specificity what information was disclosed at the September 16, 2016 deposition that led Plaintiff to think that he needs to seek even more discovery, and Plaintiff fails to state what additional discovery he intends to seek or how that information may lead to "ascertaining whether the proper liable parties to this case have been identified." [*Doc. 48* at 4]. Third, while the Court is sympathetic to Plaintiff's concern that the information from Mr. Esquibel, through Ms. Orphey, was delayed in being produced to her by more than one year, Plaintiff was made aware of Ms. Orphey's role in this case as early as July 13, 2016 (*see Doc. 50* at 3); on August 18, 2016,

Plaintiff was provided the documentation that Ms. Orphey received from Mr. Esquibel (*id.*); and Plaintiff failed to work with Defendants' counsel in a timely manner to set a deposition of Ms. Orphey prior to the September 20, 2016 discovery deadline (*id.* at 5).[3]  Fourth, the Court notes that Plaintiff waited five months after the Initial Scheduling Conference before sending discovery requests to Defendants, the deadline for amending pleadings or adding parties has long passed, and the Court has twice extended the discovery and pretrial motions deadlines in this case.  Fifth, Plaintiff's counsel fails to explain why she did not schedule the deposition of Ms. Orphey within the existing discovery deadline, given that defense counsel was willing to schedule it and twice requested available dates from Plaintiff's counsel.   For these reasons, the Court finds that Plaintiff has failed to show adequate reason for any further extensions of time in this case and will deny his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's *Opposed Motion to Extend Case Deadlines by 30 Days (Doc. 48)* is **DENIED**.

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In addition, it appears that Plaintiff's counsel was aware that Mr. Esquibel may have information relevant to Plaintiff's claims as early as April 2016, but failed to seek discovery from him or depose him.  *See* [*Doc. 50* at 4, fn. 1].  If defense counsel's understanding of Plaintiff's counsel's contact with Mr. Esquibel is correct (*see id.*), the Court cautions Plaintiff's counsel to properly identify herself when she speaks with potential witnesses so that they are clear which side she represents.