UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**MICHAEL TAYLOR,**

    Plaintiff,

v.                                                                            No. 15 CV 642 JAP/LAM

**ANTHONY ROBINSON AND
JORDAN BURD,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On July 24, 2015, Plaintiff Michael Taylor (Plaintiff) filed a COMPLAINT FOR NEGLIGENCE AND VIOLATION OF THE FOURTH AMENDMENT (Doc. No. 1) (Complaint), alleging that Defendants Anthony Robinson (Robinson) and Jordan Burd (Burd) (together, Defendants) had caused Plaintiff's unlawful arrest through Robinson's negligence and Burd's violation of Plaintiff's civil rights. *See* Compl. ¶¶ 15–16, 19. Defendants moved for summary judgment on October 31, 2016. *See* DEFENDANTS ANTHONY ROBINSON AND JORDAN BURD'S OPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. No. 52) (Defendants' Motion); DEFENDANTS ANTHONY ROBINSON AND JORDAN BURD'S MEMORANDUM BRIEF IN SUPPORT OF THEIR OPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. No. 53) (Defendants' Memorandum). Plaintiff filed a cross-motion for summary judgment the next day. *See* PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 54) (Plaintiff's Motion). Each party responded in opposition. *See* DEFENDANTS ANTHONY ROBINSON AND JORDAN BURD'S RESPONSE TO PLAINTIFF'S OPPOSED

1

MOTION FOR SUMMARY JUDGMENT (Doc. No. 55) (Defendants' Response); PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 56) (Plaintiff's Response). The parties then replied in support of their Motions. *See* DEFENDANTS ANTHONY ROBINSON AND JORDAN BURD'S REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION FOR SUMMARY JUDGMENT (Doc. No. 57) (Defendants' Reply); PLAINTIFF'S REPLY SUPPORTING HIS MOTION FOR SUMMARY JUDGMENT (Doc. No. 59) (Plaintiff's Reply). The Court will deny Plaintiff's Motion and will grant summary judgment in favor of Defendants.

## I. BACKGROUND

The facts are undisputed unless otherwise noted. On December 2, 2014, Plaintiff was stopped for speeding by New Mexico State Police Officer Robinson. Defendant's Memo. ¶ 1, Ex. A Taylor Depo. 43:2–12, 36:6–8. Dispatch informed Robinson that Plaintiff had a valid outstanding bench warrant. Defendant's Memo. ¶ 2, Ex. A Taylor Depo. 34:15–23, Ex. B Robinson Depo. 28:13–18. Robinson arrested Plaintiff for the warrant and transported Plaintiff to the San Miguel County Jail, where Plaintiff was booked into the facility. Defendant's Memo. ¶ 4, Ex. A Taylor Depo. 34:22–25, 35:22–23; Ex. B Robinson Depo. 28:19, 40:10–41:24. Robinson signed the warrant, gave it to dispatch at the jail, and provided a copy to Plaintiff. Defendant's Memo. ¶ 5, Ex. B Robinson Depo. 40:23–44:21. Plaintiff bonded out of the San Miguel County Jail on December 4, 2014. Defendant's Memo. ¶ 6, Ex. A Taylor Depo. 36:1.

On December 16, 2014, Plaintiff was stopped again for speeding by Officer Burd, also of the New Mexico State Police. Defendant's Memo. ¶ 8, Ex. A Taylor Depo. 33:21–24. Dispatch informed Burd that Plaintiff had a valid outstanding bench warrant. Defendant's Memo. ¶ 9, Ex. G Burd Depo. 19:17–24. Plaintiff told Burd that he had already been arrested on the warrant and

had been released on bond, and he presented Burd with a bond receipt. Plaintiff's Mot. ¶ 14, Ex. 1 Taylor Depo. Ex. C, Ex. 3 Burd Depo 19:25–20:10. Plaintiff alleges that he also presented release papers from San Miguel County Jail, but he did not submit copies of these papers with his Motion because they are no longer in his possession. Plaintiff's Mot. ¶ 14, Ex. 1 Taylor Depo. 46:10–47:12. Defendants acknowledge only the bond receipt showing the amount paid. Defendants' Resp. ¶¶ 3–5. The bond receipt contained Plaintiff's name, case number, and the amount and date of Plaintiff's bond. Plaintiff's Mot. ¶ 14, Ex. 1 Taylor Depo. Ex. C, Plaintiff's Resp. ¶¶ 9–10. Plaintiff further alleges that he called the bonding company for verification of his release but that Burd refused to speak to them. Plaintiff's Mot. ¶ 15, Ex. 1 Taylor Depo. 44:21–45:15. Defendants dispute this allegation. Defendants Resp. ¶ 4. When Plaintiff claimed the warrant was not active, Burd called dispatch and asked for verification of the outstanding warrant. Defendants Resp. ¶ 3, Ex. G Burd Depo. 20:13–21. Dispatch informed Burd that the warrant was indeed valid and active, and Burd placed Plaintiff under arrest. Defendants' Resp. ¶ 3. Burd then transported Plaintiff to Santa Fe County Adult Detention Center, where Plaintiff was booked and held for multiple days before being released again on bond. Plaintiff's Mot. ¶¶ 18–19, Ex. 3 Burd Depo. 20:21–21:4, Ex. 1 Taylor Depo. 49:2–50:7.

## II.    LEGAL STANDARD

Plaintiff brings claims for unlawful arrest under the Fourth Amendment and under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -29 (1976, as amended through 2009) (NMTCA). *See* Compl. ¶¶ 14–21. The Court has original jurisdiction over Plaintiff's Fourth Amendment claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the related state-law claims, *see* 28 U.S.C. § 1367.

Summary judgment may be granted if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000) (internal quotation marks omitted). The court must analyze each motion individually and on its own merits if both parties have moved for summary judgment. *See Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (explaining that "[c]ross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). Cross-motions for summary judgment entitle the Court "to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

However, when a defendant raises qualified immunity as a defense, the plaintiff must demonstrate that the defendant's actions violated a clearly-established constitutional or statutory right before the defendant will bear the traditional burden. *See Scull*, 236 F.3d at 595. A right is clearly established only if there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains." *Id.* (internal quotation marks omitted).

### III.    DISCUSSION

Plaintiff contends that Burd unlawfully arrested him in violation of the Fourth Amendment, which the Court will construe as a claim under 42 U.S.C. § 1983, and that Burd is also liable for false arrest under the NMTCA, although Plaintiff acknowledges that his Complaint did not expressly bring an NMTCA claim against Burd. *See* Compl. ¶¶ 17–21;

Plaintiff's Mot. at 8–11. Plaintiff asserts that Robinson failed to fulfill his duty to cause Plaintiff's warrant to be cleared from the system after Robinson arrested Plaintiff, and therefore that Robinson is liable under the NMTCA for his negligence that resulted in Plaintiff's later false arrest by Burd. *See* Compl. ¶¶ 14–16; Plaintiff's Mot. at 6. Defendants maintain that Burd is entitled to absolute and qualified immunity for his arrest of Plaintiff on a facially valid warrant, and that neither Robinson nor Burd is liable under the NMTCA for Burd's reasonable actions. *See* Defendant's Memo. at 6–7, 12.

### A. Fourth Amendment

The Fourth Amendment prohibits unreasonable seizures, including unlawful arrests. *See Koch v. City of Del City*, 660 F.3d 1228, 1238–39 (10th Cir. 2014). But even if an arrest is unlawful because it is based on an erroneous order, that order may still be facially valid. *See Turney v. O'Toole*, 898 F.2d 1470, 1473 (10th Cir.1990) ("[E]ven assuming that an order is infirm as a matter of state law, it may be facially valid, as 'facially valid' does not mean 'lawful,' and erroneous orders can be valid."). "Just as judges acting in their judicial capacity are absolutely immune from liability under section 1983, officials charged with the duty of executing a facially valid court order enjoy absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Id.* at 1472 (internal brackets, quotation marks, and citations omitted). "[L]aw enforcement officers are . . . entitled to absolute 'quasi-judicial' immunity for their actions in executing facially valid warrants, writs, and other court orders, such as bench warrants." *Zamora v. City of Belen*, 383 F.Supp.2d 1315, 1325–26 (D.N.M. 2005) (collecting cases).

Plaintiff argues that Burd is not entitled to absolute immunity because he should have known from the information on the bond receipt that the warrant was no longer valid. *See*

Plaintiff's Resp. at 11–12. But "[u]nless a warrant is facially invalid an officer has no constitutional duty to independently determine its validity." *Hill v. Bogans*, 735 F.2d 391, 393 (10th Cir. 1984) (officer acted reasonably in relying on routine police procedures for establishing the existence of an outstanding warrant and should not be held responsible for the failure of county personnel to clear the warrant from the records). *See also Scull*, 236 F.3d at 597–98 (Jailers had no duty to independently investigate claims that a defendant should be released on writ of habeas corpus when facility was not named in writ and the warrant for arrest was facially valid). "An officer on the highway is entitled to rely on an accurate computer notification that there is an existing warrant for an individual's arrest. The officer is not required by the Fourth Amendment to obtain a copy of the warrant, research supporting documentation, or go behind the facial validity of a warrant before making the arrest." *Smyth v. City of Lakewood*, 83 F.3d 433, 1996 WL 194715, at *4 (10th Cir. 1996).

Plaintiff cites to *Maresca v. Bernalillo County*, 804 F.3d 1301, 1310 (10th Cir. 2015), for the proposition that "in determining whether there is probable cause, officers are charged with knowledge of any 'readily available exculpatory evidence' that they unreasonably fail to ascertain." But *Maresca* addressed a warrantless arrest based on a stolen vehicle report, brought up when the officer mistyped a license plate number, wherein the description of the stolen vehicle clearly did not match the vehicle occupied by the plaintiffs and the officer ignored repeated requests to recheck the number. *See id.* at 1304–05. The Tenth Circuit held that the officer was not entitled to rely on her unreasonable mistake as probable cause to arrest particularly due to the officer's "failure to use readily available information—already on the computer screen in front of her and from the dispatcher—to verify that the [plaintiffs'] vehicle was reported stolen before arresting them." *Id.* at 1311.

In contrast, Burd was not tasked with independently assessing probable cause, but only with carrying out a court order for Plaintiff's arrest. Burd testified in deposition that a bond receipt does not prove that a warrant is not active and that documents proving a defendant has been picked up on a warrant are given to the defendant upon release, but that Plaintiff did not have this documentation. *See* Defendants' Memo. Ex. G Burd Depo. 20:2–13. Plaintiff presents no evidence to contradict Burd's testimony beyond his assertion that "Burd had all the information necessary and sufficient to know that the warrant was no longer valid." *See* Plaintiff's Resp. ¶ 10. Plaintiff states that dispatch from the arresting agency communicates with the issuing agency, which has access to the relevant court records. *See id.* Yet Plaintiff does not dispute that dispatch informed Burd that the warrant was valid. *See id.* Burd contacted dispatch when presented with Plaintiff's bond receipt and confirmed the active status of the warrant for Plaintiff's arrest. *See* Defendants Resp. at 4. Nothing in *Maresca* requires an officer to question the veracity of official information obtained through routine police procedures for establishing the existence of an outstanding warrant.

The Court therefore finds that the warrant was facially valid when dispatch confirmed to Burd that there was a valid and active warrant for Plaintiff's arrest. Because Burd relied on the facially valid warrant as the basis for arresting Plaintiff, the Court concludes that Burd is entitled to absolute immunity on Plaintiff's Fourth Amendment claim.

Even if Burd were not entitled to absolute immunity, he would be protected by qualified immunity. Qualified immunity shields government officials from liability when they reasonably perform their duties. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To defeat Burd's assertion of qualified immunity, Plaintiff must demonstrate that Burd's actions violated a constitutional right that was clearly established at the time of the alleged misconduct. *See id.* at 232.

It is clearly established that an arrest must be supported by probable cause, whether independently evaluated by the officer or embodied in a valid warrant. *See Malley v. Briggs*, 475 U.S. 335, 341, 345 (1986) (warrant does not shield officer from liability when the officer had applied to the court for a warrant and "a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant."). But a state law enforcement officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause to arrest existed at the moment the arrest was made. *See Hunter v. Bryant*, 502 U.S. 224, 227–28 (1991). Because dispatch informed Burd that there was an active warrant for Plaintiff's arrest, the Court finds that it was reasonable for Burd to rely on this information. *See Maresca*, 804 F.3d at 1312 (deputy that assisted arresting officer was entitled to qualified immunity because deputy was entitled to rely on arresting officer's report that the car was stolen). Plaintiff has not presented any cases demonstrating that Burd's conduct in relying on dispatch's statement that there was a valid warrant for Plaintiff's arrest, rather than extrapolating contrary information from Plaintiff's bond receipt, was a clear violation of Plaintiff's rights. "[T]here is no clearly established law to the effect that an arrest based on execution of a court's bench warrant may constitute false arrest." *Zamora*, 383 F.Supp.2d at 1338. The Court therefore concludes that Burd is also entitled to qualified immunity. The Court will grant summary judgment for Burd on the Fourth Amendment claim.

    **B.**    **New Mexico Tort Claims Act**

While both absolute and qualified immunity protect Burd from liability on Plaintiff's constitutional claim, these doctrines may not apply to Plaintiff's common-law tort claims even though those claims are based on the same factual circumstances. *See Romero v. Sanchez*, 1995-

NMSC-028, ¶ 25, 119 N.M. 690, 895 P.2d 212 (questioning the parties' assumption that qualified immunity protects an official sued under the NMTCA but declining to address the question because it was not properly before the Court). Under the NMTCA, "any public employee while acting within the scope of duty [is] granted immunity from liability for any tort except as waived." Section 41-4-4(A). The NMTCA waives immunity for an enumerated list of torts, including false imprisonment and false arrest, "when caused by law enforcement officers while acting within the scope of their duties." Section 41-4-12. A law enforcement officer may be liable under the NMTCA both for perpetrating any listed tort and for negligent acts that result in an enumerated tort, even if that tort is actually committed by a third party. *See Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dept.*, 1996-NMSC-021, ¶ 21, 121 N.M. 646, 916 P.2d 1313. Therefore, if Robinson's negligence caused Burd to falsely arrest Plaintiff, both Defendants could be held liable. Plaintiff brought an NMTCA claim against Robinson only, *see* Compl. ¶¶ 14–16, but informally requests leave to amend his Complaint to include an NMTCA claim against Burd as well, arguing that he sufficiently pleaded state-law tort claims for false arrest and false imprisonment against Burd, *see* Plaintiff's Mot. at 11.

"Under New Mexico law, false imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006) (quoting *Romero*, 1995-NMSC-028, ¶ 13) (internal quotation marks omitted). "False arrest or unlawful detention occurs when the facts available to a detaining officer would not warrant a person of reasonable caution to believe detention appropriate." *Id.* (internal quotation marks and brackets omitted). "A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment or false arrest." *Id.*

Burd arrested Plaintiff after dispatch informed Burd that there was an outstanding warrant for Plaintiff's arrest. *See* Defendants' Resp. ¶ 3. Plaintiff has presented no evidence that Burd executed the arrest knowing that he was without lawful authority to do so. As discussed above, Burd's decision to arrest Plaintiff was reasonable when, after Plaintiff stated that the warrant was not valid, Burd contacted dispatch to verify the warrant and dispatch confirmed that it was active. *See* Defendants' Resp. ¶ 3. Even if the Court liberally construes Plaintiff's Complaint to present a state-law tort claim against Burd, Burd cannot be held liable for false imprisonment or false arrest under these circumstances. The Court will grant summary judgment in Burd's favor on Plaintiff's claim under the NMTCA.

Accordingly, summary judgment must also be granted in Robinson's favor. Plaintiff argues that Robinson was negligent because New Mexico court rules require Robinson to have ensured that the warrant was cancelled. *See* Plaintiff's Resp. ¶ 7; Rule 6-207 NMRA ("If the warrant has been entered into a law enforcement information system, upon arrest of the defendant, the person executing the warrant shall cause it to be removed from the system."). But Defendants have presented evidence that the New Mexico Department of Public Safety relies on dispatch personnel to, "after service, . . . remove[] warrants from NCIC and the file from the manual filing system, as quickly as possible." *See* Defendants Resp. Ex. A-1 at 7. Plaintiff admits that Robinson signed the warrant and gave a copy to dispatch and that Robinson himself was not responsible for removing the warrant from the NCIC database. *See* Plaintiff's Resp. ¶¶ 5, 7. There is no basis for the Court to find that Robinson was responsible for further actions in clearing the warrant after he gave the copy to dispatch. *See Gose v. Board of County Comm'rs of County of McKinley*, 778 F.Supp.2d 1191, 1199 n.6 (D.N.M. 2011) ("Neither the statute nor the rule gives a correctional officer the power to cancel or modify a bench warrant. From a logical

10

standpoint, it would seem that only a court could modify a court order."). But the Court need not decide this issue because, even if Robinson had been negligent, Robinson is not liable under the NMTCA when no false arrest resulted. *See Weinstein*, 1996-NMSC-021, ¶ 25 (law enforcement officer is not liable under the NMTCA for negligence that does not result in a listed tort or a statutory or constitutional violation). Therefore, the Court will grant summary judgment to Robinson.

IT IS ORDERED that:

1) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 54) is denied,

2) DEFENDANTS ANTHONY ROBINSON AND JORDAN BURD'S OPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. No. 52) is granted, and

3) Plaintiff's COMPLAINT FOR NEGLIGENCE AND VIOLATION OF THE FOURTH AMENDMENT (Doc. No. 1) will be dismissed with prejudice by a summary judgment.

_____
SENIOR UNITED STATES DISTRICT JUDGE